**SIGNED this 17th day of August, 2011**

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **David Roy Poteet** | ) | **No. 08-14936** |
| **Kelly Michelle Poteet** | ) | **Chapter 13** |
| | ) | |
| **Debtor** | ) | |
| | ) | |
| | ) | |
| **David Roy Poteet** | ) | |
| **Kelly Michelle Poteet** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Adv. No. 11-1081** |
| | ) | |
| **eCAST Settlement Corporation** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM

This adversary proceeding is before the court on a motion to dismiss filed by defendant

eCAST Settlement Corporation on July 21, 2011. The motion seeks the dismissal of the complaint

initiating this proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made

applicable in bankruptcy adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy

Procedure. No timely response to the motion has been filed.[1]  Having reviewed the motion and

supporting brief, the court concludes that the complaint should be dismissed because it fails to state

a claim upon which relief can be granted.

## I.

On September 22, 2008, plaintiffs David Roy Poteet and Kelly Michelle Poteet filed a volun-

tary petition for relief under chapter 13 of the Bankruptcy Code. During the period November 25,

2008, through January 5, 2009, the defendant filed five proofs of claim in the plaintiffs' bankruptcy

case. The complaint alleges that the proofs of claim "were not supported by any written documents,

notes, credit applications, account statements, or any other type of written or printed document as

required by Rule 3001(c) [of the Federal Rules of Bankruptcy Procedure]."[2] Solely on the basis of

those omissions from the proofs of claim, the complaint sets forth three causes of action against the

defendant.

The First Claim for Relief asserts that the improper proofs of claim constitute a "gross

violation of the automatic stay," making the defendant liable for actual and punitive damages and

attorney's fees. The Second Claim for Relief contends that the defective proofs of claim give rise

---

[1] The court's local rules require a response to a motion in an adversary proceeding within
21 days after a motion is filed. The pertinent rule states that "[a] failure to respond timely will be
construed to mean that the respondent does not oppose the relief requested by the motion" and
"[a]fter the time for response has expired, the court may rule on the motion without a hearing." E.D.
Tenn. LBR 7007-1(a).

[2] In fact, the proofs of claim (copies of which are attached to the complaint) are appended
with evidence of the assignments of the claims to the defendant and account summaries, and two of
the proofs of claim also include "Explanation[s] of Unavailable Or Voluminous Documentation Not
Attached."

to a right to monetary damages and legal fees under Rule 3001(c) of the Federal Rules of Bankrupt-

cy Procedure. The Third Claim for Relief alleges that the defendant violated the Fair Debt Collection

Practices Act by "engaging in any conduct the natural consequences of which is to harass, oppress,

or abuse any person in connection with the collection of a debt," entitling the plaintiffs to a judgment

for actual and statutory damages and attorney's fees. The complaint does not specify the amount of

the actual or punitive damages sought but does seek an attorney's fee award of $2,500. The com-

plaint and the motion to dismiss consent to the entry of a final order by the bankruptcy judge on any

claim that does not constitute a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

## II.

When presented with a motion to dismiss for failure to state a claim upon which relief can

be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in

bankruptcy adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure,

the court must accept all factual allegations in the complaint as true. *Tellabs, Inc. v. Makor Issues

& Rights, Ltd.*, 551 U.S. 308, 322 (2007). These factual allegations, however, must be sufficient to

show that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft

v. Iqbal*, 129 S. Ct. 1937 (2009).

## A.

The First Claim for Relief asserts that the omission of supporting documentation from the

proofs of claim constitutes a violation of the automatic stay. Under § 362 of the Bankruptcy Code,

the filing of a bankruptcy petition normally "operates as a stay, applicable to all entities" of certain

conduct. The automatic stay generally prohibits attempts to collect prepetition debts against the debt-

or or the debtor's property or attempts to enforce liens and other interests against property of the

bankruptcy estate. Filing a proof of claim in the debtor's bankruptcy case does not violate the

automatic stay:

> None of these sections [of § 362(a)] bars a creditor's filing a Proof of Claim pursuant
> to Section 501 of the Bankruptcy Code. We find no precedents in which a court has
> held that asserting a right to payment in a Proof of Claim constitutes a violation of
> the automatic stay.

*Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 (5th Cir. 2008) (citing *United States*

*v. Inslaw, Inc.*, 932 F.2d 1467, 1474 (D.C. Cir. 1991)). Indeed, one of the primary purposes of the

stay is to bring all claims by creditors into the bankruptcy court. *Hillis Motors, Inc. v. Haw. Auto.*

*Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) ("The stay ensures that all claims against the

debtor will be brought in a single forum, the bankruptcy court.") (citations omitted).

Thus, for example, in *In re Sammon*, 253 B.R. 672 (Bankr. D.S.C. 2000), the court rejected

the debtors' contention that the IRS had violated the automatic stay by filing an inaccurate proof of

claim, because –

> the filing of a Proof of Claim is expressly provided for by Fed.R.Bank.P. 3002 and
> is necessary for a creditor to protect its interests in a Chapter 13 case. Fed.R.Bankr.P.
> 3002(a), in fact, provides that "[a]n unsecured creditor or an equity security holder
> must file a proof of claim or interest for the claim or interest to be allowed, except
> as provided in Rules 1019(3), 3003, 3004, and 3005."

*Id.* at 680. If the proof of claim is inaccurate or incomplete, the debtor's remedy is to object to the

claim: "Therefore, the Bankruptcy Code expressly delineates the manner in which disputes over a

claim are to be initiated." *Id.* This court followed *Sammon* in *Kerney v. Capital One Financial Corp.*

*(In re Sims)*, 278 B.R. 457 (Bankr. E.D. Tenn. 2002) (Parsons, J.), rejecting the contention that a

mortgagee's filing of an inaccurate proof of claim violated the automatic stay, explaining that "'the

automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the

bankruptcy court forum, not legal actions taken within the bankruptcy court.' Stated differently, 'the

stay does not operate against the court with jurisdiction over the bankrupt.'" *Id.* at 471 (quoting

*Sammon*, 253 B.R. at 680; *Robert Christopher Assocs v. Franklin Realty Group, Inc. (In re FRG,*

*Inc.)*, 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990)).

Accordingly, even assuming that the documents attached to the proofs of claim do not

comply with Rule 3001(c),[3] the First Claim for Relief does not state a claim upon which relief can

be granted and will, therefore, be dismissed.

**B.**

The Second Claim for Relief contends that the plaintiffs are entitled to damages Rule 3001(c)

of the Federal Rules of Bankruptcy Procedure. That provision states:

> When a claim, or an interest in property of the debtor securing the claim, is based on
> a writing, the original or a duplicate shall be filed with the proof of claim. If the
> writing has been lost or destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

Rule 3001 does not provide a remedy for a failure to comply with subdivision (c), and there is no

basis for creating a private right of action under the rule. *Rogers v. B-Real, L.L.C. (In re Rogers)*,

391 B.R. 317, 322-23 (Bankr. M.D. La. 2008) (dismissing claim for damages for filing proof of

claim without supporting documentation and citing cases holding that there is no private right of

action for damages for filing a false proof of claim), *rev'd on other grounds*, 405 B.R. 428 (M.D.

La. 2009).

---

[3] Notably, Official Form No. 10 states (emphasis added): "Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. *You may also attach a summary.*" This court has held that a proof of claim for a credit card debt need not include the credit agreement but is entitled to "prima facie" status if it is appended with a computer-generated account summary so long as the summary sets forth certain information. *In re Kemmer*, 315 B.R. 706, 716 (Bankr. E.D. Tenn. 2004). The account summaries attached to the defendant's proofs of claim set forth most of that information. And, as explained below, even if the attachments are not sufficient, the only consequence under controlling Sixth Circuit authority is that the proofs of claim are not entitled to "prima facie" effect.

Indeed, this issue is controlled by the Sixth Circuit's decision in *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931 (6th Cir. 2010), in which the debtors sought an award of sanctions under Rule 9011(b) of the Federal Rules of Bankruptcy Procedure based on a creditor's filing of a proof of claim that it eventually withdrew when it was unable to find the supporting documentation. The court stated:

> Admittedly, as the bankruptcy court stressed, B-Line's proof of claim was submitted on an incomplete Form 10. This deficiency violated Rule 3001(c) of the Federal Rules of Bankruptcy Procedure, which requires that a proof of claim based on a writing include a copy of that writing. The ramifications for this type of violation are well-established, however, and do not result in sanctions. *See Heath v. Am. Express Travel Related Servs. Co., Inc. (In re Heath)*, 331 B.R. 424, 433 (9th Cir. BAP 2005) (explaining that a failure to comply with Rule 3001 results in the creditor's proof of claim not being prima facie evidence of the claim's validity and amount).

*Id.* at 940-41. The plaintiffs' remedy for the incomplete proofs of claim is to file an objection thereto, forcing the defendant to prove its claims without the benefit of Rule 3001(f), which declares that a proof of claim is "prima facie evidence of the validity and amount of the claim" if the proof of claim is "executed and filed in accordance with these rules." The Second Claim for Relief does not state a claim upon which relief can be granted and will, therefore, be dismissed.

### C.

The Third Claim for Relief incorporates by reference the plaintiffs' previous allegations that the defendant's proofs of claim "were not supported by any written documents, notes, credit applications, account statements, or any other type of written or printed document as required by Rule 3001(c) [of the Federal Rules of Bankruptcy Procedure]." The complaint then asserts that the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, presumably because the proofs of claim were filed without attachments. In this regard, the plaintiffs rely on a

-6-

section of the  FDCPA that provides that "[a] debt collector may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt." 15 U.S.C. § 1692d.

In 1977, noting "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices," 15 U.S.C. § 1692(a), Congress enacted the FDCPA in order to eliminate abu-

sive practices in the debt collection industry and ensure that "those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged," *id*. § 1692(e). Among

other things, the Act regulates and restricts the acquisition of information pertaining to consumer

debtors, *id.* § § 1692b, 1692c, prohibits "any conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection of a debt," *id.* § 1692d, bars the use

of "any false, deceptive, or misleading representation or means in connection with the collection of

any debt," *id.* § 1692e, and proscribes "unfair or unconscionable means to collect or attempt to

collect any debt," *id.* 1692f. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 89 (2d Cir. 2008).

The question raised by the Third Claim for Relief is whether the filing of a proof of claim

in a bankruptcy case can be the basis for a cause of action under the FDCPA. The court agrees with

the decision from the Second Circuit Court of Appeals wherein the court concluded that it cannot:

> Federal courts have consistently ruled that filing a proof of claim in
> bankruptcy court (even one that is somehow invalid) cannot constitute the sort of
> abusive debt collection practice proscribed by the FDCPA, and that such a filing
> therefore cannot serve as the basis for an FDCPA action. *See, e.g., B-Real, LLC v.
> Rogers,* 405 B.R. 428, 431-32 (M.D.La.2009) ("[T]he Bankruptcy Code itself
> contemplates a creditor filing a proof of claim on a time-barred debt and the
> Bankruptcy Court disallowing such claim after objection from the debtor. It is
> difficult for this Court to understand how a procedure outlined by the Bankruptcy
> Code could possibly form the basis for a violation under the FDCPA.");
> *Middlebrooks v. Interstate Credit Control, Inc.,* 391 B.R. 434, 437 (D.Minn.2008)
> (holding that an FDCPA action cannot be premised on the filing of a proof of claim
> in bankruptcy court); *Gray–Mapp v. Sherman,* 100 F. Supp.2d 810, 813-14 (N.D.Ill.

1999) (same); *Baldwin v. McCalla,* No. 98-C- 4280, 1999 WL 284788, at \*3-4, 1999
U.S. Dist. LEXIS 6933, at \*10-11 (N.D.Ill. Apr. 19, 1999) (same).

. . . .

"The FDCPA . . . was designed to protect against the abusive debt collection
practices likely to disrupt a debtor's life." *Mace v. Van Ru Credit Corp.,* 109 F.3d
338, 343 (7th Cir.1997). "Debtors in bankruptcy proceedings do not need protection
from abusive collection methods that are covered under the FDCPA because the
claims process is highly regulated and court controlled. While the FDCPA's purpose
is to protect unsophisticated consumers from unscrupulous debt collectors, that
purpose is not implicated when a debtor is instead protected by the court system and
its officers." *B-Real,* 405 B.R. at 432 (footnote omitted)(internal quotation marks
omitted). Thus debtors are protected in bankruptcy proceedings–and by discharge
afterward.

*Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 95-96 (2d Cir. 2010); *accord, McMillen v.*

*Syndicated Office Sys., Inc.,* 440 B.R. 907, 912 (Bankr. N.D. Ga. 2010); *Keeler v. PRA Receivables*

*Mgmt., LLC (In re Keeler)*, 440 B.R. 354, 367-69 (Bankr. E.D. Pa. 2009); *Gilliland v. Capital One*

*Bank (In re Gilliland)*, 386 B.R. 622, 623-24 (Bankr. N.D. Miss. 2008); *Rice-Etherly v. Bank One,*

*Nat'l Ass'n (In re Rice-Etherly)*, 336 B.R. 308, 311-13 (Bankr. E.D. Mich. 2006); *Cooper v. Litton*

*Loan Servicing (In re Cooper)*, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000).

Because the filing of a proof in a bankruptcy case cannot be the basis for a cause of action

under the FDCPA, the Third Claim for Relief does not state a claim upon which relief can be granted

and will, therefore, be dismissed.

### III.

For the foregoing reasons, the court will enter a separate order granting the defendant's

motion to dismiss the complaint initiating this adversary proceeding.

###